**Louis HADDAD, Plaintiff-Appellee,**

v.

**SEARS, ROEBUCK AND COMPANY, Defendant-Appellant.**

**No. 75–1211.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1975.

Decided Dec. 1, 1975.

Rehearing and Rehearing En Banc Denied Jan. 29, 1976.

---

84

George E. Bushnell, Jr., Emmett E. Eagan, Jr., Detroit, Mich., Michael R. Turoff, Arnstein, Gluck, Weitzenfeld & Minow, Chicago, Ill., for defendant-appellant.

Joseph Aprea, Detroit, Mich., for plaintiff-appellee.

Before WEICK, EDWARDS and EN-GEL, Circuit Judges.

EDWARDS, Circuit Judge.

Appellant Sears, Roebuck and Co. seeks reversal of a jury verdict and judgment for $37,000 entered in plaintiff's favor after trial of his complaint alleging slander. Jurisdiction is founded upon diversity.

Plaintiff, a 16-year Sears employee had been the manager of an automobile service station located at one of appellant's stores for most of his employment. In March of 1967 the store manager called plaintiff into his office and accused him of gambling and allowing others to gamble on company property and time and of falsifying company records.

He gave plaintiff the choice of resigning or being fired. Plaintiff resigned.

That same afternoon employees in the service station which plaintiff had supervised stopped work and asked for a meeting with the store manager. At the meeting (plaintiff asserts and defendant denies) the store manager told the employees that plaintiff had been discharged for gambling and allowing gambling, and for falsification of company records.

■ At the trial appellant Sears presented testimony to prove two somewhat inconsistent defenses. One was that the assertedly slanderous statements had not in fact been made. The other was that if they were made, they were true. The jury verdict must be read as rejecting both of these defenses and there is evidence in the record on both points to support the jury verdict. Several witnesses testified to plaintiff's claims of publication of the statements at the employee meeting. As to the defense of truth, the burden of proof was clearly upon Sears. The evidence presented by Sears on this score was countered by plaintiff's flat denial of the charges. Plaintiff presented other witnesses who tangentially supported his denials. And, of course, the jury had a right to disbelieve the Sears witnesses. Additionally, the District Court had a right in rejecting a motion to dismiss at the close of plaintiff's proofs to take into account defendant's concession that plaintiff had made out an issue of fact for the jury on the slander charges.

■ The more serious appellate contention concerns the doctrine of qualified privilege and appellant Sears' contention that the District Judge committed reversible error in failing to give the qualified privilege charge which it had requested.

The doctrine of qualified privilege is part of the established law of Michigan. In *Bostetter v. Kirsch Co.,* 319 Mich. 547, 554, 30 N.W.2d 276, 279 (1948), the Supreme Court of Michigan quoted a Michigan statute:

In any action for slander or for publishing a libel, the defendant may prove mitigating circumstances, including the sources of his information and the grounds for his belief, notwithstanding that he has pleaded or attempted to prove a justification.

3 Comp.Laws 1929, § 14469, as amended by Act No. 279, Pub.Acts 1931 (Comp.Laws Supp.1940, § 14469, Stat. Ann. § 27.1369).[1]

The opinion of the court continued:

This brings us to a consideration of the principle [sic] question in the case: Was the statement made by defendant, on which plaintiff bases his alleged right of action, qualifiedly privileged? Under the facts presented the question was one for the determination of the court. Citing earlier decisions, it was said in *Brewer v. Chase,* 121 Mich. 526, 536, 80 N.W. 575, 579 (46 L.R.A. 397, 80 Am.St.Rep. 527):

"The overwhelming weight of authority supports the doctrine that the court decides whether the writing is one within a qualified privilege."

\* \* \* \* \* \*

[T]he trial court determined the issue in favor of defendant. The facts in the case clearly support the conclusion. In *Bacon v. Michigan Central Railroad Co.,* 66 Mich. 166, 33 N.W. 181, 183, Justice Champlin, after discussing the doctrine of absolute privilege, said:

"Qualified privilege exists in a much larger number of cases. It extends to all communications made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty, to a person having a corresponding interest or duty. And the privilege embraces cases where the duty is not a legal one, but where it is of a moral or social character of imperfect obliga-

tion." *Bostetter v. Kirsch Co., supra* at 555–557, 30 N.W.2d at 279

*See also Poledna v. Bendix Aviation Corp.,* 360 Mich. 129, 141–42, 103 N.W.2d 789 (1960).

Although in *Bostetter* the doctrine of qualified privilege was held to apply, in our instant case the District Judge relied upon a 1964 case, *Sias v. General Motors Corp.,* 372 Mich. 542, 127 N.W.2d 357 (1964), wherein the Supreme Court relied upon the statutory law and reasoning of the *Bostetter* case and on facts quite similar to those in our instant case, held that qualified privilege did not attach:

On the question of the publication of the statement we hold that in calling in fellow employees of plaintiff and "explaining" the circumstances of his separation, defendant corporation was serving its own particular interest. That interest, as described by defendant's representatives, was to restore morale in the plant protection force and to quiet rumors that were circulating among its members, adversely affecting the company. These men were not supervisors, personnel department representatives, or company officials. They were simply fellow employees in the identical work. No privilege extended to the communication to them and the trial court properly so held. See *Bostetter v. Kirsch Co.,* 319 Mich. 547, [30 N.W.2d 276] for a discussion of the doctrine of qualified privilege. *Sias v. General Motors Corp., supra* at 548, [127 N.W.2d at 360.]

The question of application of qualified privilege in a situation like this involving communications to fellow employees (particularly where the plaintiff has been a supervisor and his former subordinates have sought information about his discharge) is not an easy one. We note, of course, that other state courts have reached a different result. *Kroger Co. v. Young,* 210 Va. 564, 172 S.E.2d 720 (1970); *Ponticelli v. Mine*

1. This statute was reenacted in substantially the same language at M.C.L.A. § 600.2911(3) (1968).

*Safety Appliance Co.,* 104 R.I. 549, 247 A.2d 303 (1968); *Louisiana Oil Corp. v. Renno,* 173 Miss. 609, 157 So. 705 (1934); *Stephenson v. Marshall,* 13 Alaska 657, 104 F.Supp. 26 (D.Alaska 1952). In this case, however, we are governed by Michigan law to the extent that it has been declared, and like the District Judge, we believe that the *Sias* case is the closest applicable Michigan Supreme Court statement on the facts currently before us.

■ We note that the District Judge did charge: "Under no circumstances are you to award damages to the plaintiff because of his discharge or its effect on the plaintiff." We consider this charge adequate on the point.

We find no merit to appellant's other stated issues.

The judgment of the District Court is affirmed.